```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/10/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUFUS DAVIS, individually and on behalf of all others similarly situated,

                Plaintiff,

-against-

WORLD NOMADS INC., TRIP MATE INC., NATIONWIDE MUTUAL INSURANCE COMPANY,

                Defendants.

21 Civ. 1264 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       This is a class action brought on behalf of a putative class of purchasers of travel insurance policies issued or managed by World Nomads Inc., Trip Mate Inc., and Nationwide Mutual Insurance Company ("Nationwide", and collectively "Defendants"). Amend. Compl. ¶ 1, ECF No. 20. Plaintiffs allege that Defendants improperly denied claims for reimbursement of travel expenses incurred due to cancellations, delays, or interruption in travel cause by the COVID-19 pandemic. *Id*. ¶¶ 1–7, 58–80.

       On May 12, 2021, Defendants filed a motion to transfer venue to the United States District Court for the Southern District of Ohio. ECF No. 25. Plaintiffs oppose transfer and argue that the Court should honor their choice of forum, that the locus of operative facts is in New York, and that, for at least one plaintiff, New York law will govern the dispute. Pls. Mem., ECF No. 30 at 4–5. For the reasons stated below, Defendants' motion to transfer is GRANTED.

       A court performs a two-part inquiry when determining if transfer is appropriate. First, the court determines if the action is one that "might have been brought in the transferee court." *See In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006) (internal quotation marks and citation omitted). Then, a court may transfer the case for the "convenience of parties and witnesses" if the transfer is in "the interest of justice." 28 U.S.C. § 1404(a).

> In deciding a motion to transfer, courts commonly consider factors such as: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp.*, No. 13 Civ. 5158, 2013 WL 5656086, at *1 (S.D.N.Y. Oct. 9, 2013).

Here, the prerequisites for transfer to the Southern District of Ohio are satisfied. This action could have been filed in that court. It is undisputed that, at the time of filing, the Southern District of Ohio would have had personal and subject matter jurisdiction over Defendants, and venue would have been proper in that court. *See* Defs. Mem. at 11–12, ECF No. 26; Pls. Mem. at 4.

Transfer is also appropriate based on the convenience of witnesses and the locus of operative facts, which "are typically regarded as primary factors in the balance-of-convenience inquiry." *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 396 (S.D.N.Y. 2014) Nationwide is based in Ohio, the insurance policies at issue were drafted in Ohio, and World Nomads Inc. and Trip Mate Inc. send information regarding the policies to Nationwide in Ohio. *See* Crock Decl. ¶¶ 4–6, 9, 11, ECF No. 27; Flask Decl. ¶ 12, ECF No. 29. Because of this, most of the witnesses and parties are in Ohio, are located closer to Ohio than to New York, or would find Ohio more convenient than New York. Lasley Decl. ¶¶ 3–5, ECF No. 28. And, the locus of operative facts in this case is Ohio because the policies underwritten by Nationwide were drafted there. *See, e.g.*, *Royal Ins. Co. of Am. v. Tower Records, Inc.*, No. 02 Civ. 2612, 2002 WL 31385815, at *3 (S.D.N.Y. Oct. 22, 2002). Moreover, Plaintiffs' choice in forum is accorded little weight as this case is pleaded as a class action. *See In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d at 399. Plaintiffs' argument that this Court's familiarity with the governing laws is also unavailing as this is a class action that may require the application of the law of each of the 50 states, making this Court and one in Ohio equally well positioned to resolve the dispute.

Accordingly, Defendants' motion to transfer is GRANTED in the interest of justice. The Clerk of Court is directed to transfer this case to the United States District Court for the Southern District of Ohio, terminate the motion at ECF No. 25, and close the case.

SO ORDERED.

Dated: December 10, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge